### HILDA JOHNSON ET ALS.
*vs.*
### SIGFRED HOLTON

Superior Court          Middlesex County          File No. 8596

MEMORANDUM FILED JUNE 6, 1942.

*Davis, Lee, Walker & Wright*, of Hartford, and *Thomas C. Flood*, of Middletown, for the Plaintiffs.

*Arthur B. O'Keefe*, of New Haven, for the Defendant.

INGLIS, J. In this action which sounds in negligence in connection with an automobile collision four parties are joined as plaintiffs pursuant to the provisions of section 822f of the 1941 Supplement to the General Statutes. By way of special defense to the causes of action of the plaintiffs Hilda Johnson, Anna E. Johnson and Ella Blenus, the defendant has alleged that each of them has received from the insurer of the other plaintiff, Bernard F. McCarthy, a sum of money in settlement and for a covenant not to sue. This motion to expunge is directed against those special defenses.

In so far as these special defenses allege that these plaintiffs received money in settlement of their respective claims against McCarthy, they would constitute good entire defenses because a settlement by one joint tort-feasor releases the other. In so far as they allege simply a receipt of money in return for a covenant not to sue they are good partial defenses, because the moneys so received must be applied in the reduction of the damages.

Whether treated as complete defenses or only partial defenses, they allege facts which are consistent with the allegations of the complaint but show notwithstanding, that the

plaintiffs have no cause of action. Accordingly, if the defendant desires to take advantage of such facts he is bound to plead them specially. (Practice Book [1934] §104.) It probably is true that if the defendant is claiming, not a full settlement, but simply a payment for a covenant not to sue, these facts should be pleaded only as partial defenses and should be labeled as such. Even where facts constituting a partial defense are pleaded as a full defense, however, they are not immaterial, irrelevant nor improper and therefore may not be expunged. *Simonds vs. East Windsor Electric Ry. Co.,* 73 Conn. 513. It follows that the defendant has the right to affirmatively allege the matters set forth in these defenses and the same should not be expunged.

The claim of the plaintiffs is that, although these matters are alleged as defenses only against the three plaintiffs, the introduction of evidence under these special defenses will be apt to prejudice the case of the other plaintiff, McCarthy. If this is true it is a difficulty inherent in the procedure provided by the statute. The defendant should not be precluded from taking advantage of these defenses simply because of that difficulty and in order to take such advantage he must allege the facts affirmatively. Indeed if, at the proper time, it should appear that the plaintiff, McCarthy, will be unduly prejudiced, the difficulty can be overcome by ordering separate trials as is contemplated by the statute.

The motion to expunge the special defenses is denied.