RAYMOND MILLER *v.* FRANCIS J. FERRARA ET AL.

| SUPERIOR COURT | NEW HAVEN COUNTY AT NEW HAVEN | FILE No. 119939 |
|---|---|---|

Memorandum filed October 5, 1970

*Richard D. Patterson,* of Branford, for the plaintiff.

*Charles G. Albom,* of New Haven, for the named defendant.

*Falsey, Shay, DelSole & Grazioso,* of New Haven, for the defendants Francis J. and Marie Ferrara.

*Leonard G. Tracy,* of Hartford, and *Solomon & Papandrea,* of Meriden, for the defendants Louis J. and Rose Pittaluga.

FitzGerald, J. By motion dated January 16, 1970, and filed three days later, the defendants Francis J. Ferrara and Marie Ferrara requested permission to amend their answer by adding a special defense. The motion was granted by the court *(Shea, J.).* The special defense allowed by amendment reads: "The plaintiff has received from the codefendant Ann R. Karjanis (against whom the action was withdrawn August 8, 1969), or her representative, a sum of money in settlement and for a covenant not to sue." To this interposed special defense the plaintiff demurs "on the ground that it is not relevant to said defendants as to whether a covenant not to sue is given to any other defendants."

It is to be noted that unlike the pleadings in *Dwy* v. *Connecticut Co.,* 89 Conn. 74, the interposed special defense does not allege the precise form of executed writing between the plaintiff and the former codefendant Karjanis. Hence the court cannot say by interpretation whether such writing on its face purports to be a release of one tort-feasor, which under Connecticut law releases all tort-feasors, or is in effect a covenant not to sue. If it can be accorded the latter effect, there would arise a different legal situation. See Wright & FitzGerald, Conn. Law of Torts (2d Ed.) § 176, and the full text of the opinion of our Supreme Court in the *Dwy* case, supra.

The language of the interposed special defense appears to be referable to the plaintiff's receiving from the codefendant Ann R. Karjanis money from

two sources: (1) a sum in settlement; (2) a sum from a covenant not to sue. "If an injured plaintiff wishes to settle with one tortfeasor and keep his rights alive against another tortfeasor, he should not sign a release, but should execute a Covenant Not To Sue . . . . If one tortfeasor settles his liability by payment under a covenant not to sue, the other tortfeasor may plead the amount paid by the first tortfeasor as a special defense in an action brought by the injured party. This special defense operates by way of setoff against the amount of damages to which the injured plaintiff might be entitled." Wright, op. cit. § 176.

To paraphrase *Johnson* v. *Holton,* 10 Conn. Sup. 528, 529: In so far as this special defense alleges that the plaintiff received money in settlement of his claim against Karjanis, it would constitute a good entire defense because a settlement by one joint tort-feasor releases the other. In so far as it alleges simply a receipt of money in return for a covenant not to sue, it is a good partial defense, because the money so received must be applied in the reduction of damages.

Since the court does not have before it the alleged writing between the plaintiff and the former codefendant Karjanis referred to in the special defense, it cannot say as a matter of law whether it should be accorded the effect of a release or a covenant not to sue. At this time the special defense withstands the thrust of the demurrer thereto. Section 120 of the Practice Book will suffice as a citation if one is required.

It is suggested that the plaintiff consider filing a more specific statement directed to the interposed special defense to the end that the defendants Ferrara may be required to specify in their special defense whether they are referring to a release as

such or a covenant not to sue. If the latter were made to appear, then only a partial special defense could be properly pleaded by the defendants, and they could be limited to such. Wright, op. cit. § 176; *Johnson* v. *Holton*, supra, 529–30.

On the other hand, the plaintiff could reply to the interposed demurrer in such a manner as to join issue thereon, or require the defendants to join issue on his reply as framed through the medium of a rejoinder. If these should turn out to be the ultimate pleadings, and if the plaintiff were found entitled to damages, and if the writing in question be a covenant in law and in fact, and not a release, the defendants Ferrara would be entitled to a credit for any money paid under such covenant by the former codefendant Karjanis to the plaintiff.

The demurrer is required to be overruled for reasons stated.